UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST BANK AND TRUST | CIVIL ACTION |
| VERSUS | No. 10-1009 |
| REBECCA BARNETT DUWELL | SECTION "C" (4) |

## ORDER AND REASONS[1]

This case involves a removed state court proceeding originally filed by plaintiff First Bank and Trust ("First Bank") against Rebecca Barnett Duwell ("Duwell") in the 24th Judicial District Court for the Parish of Jefferson. This case was removed by Donald G. Jones ("Jones"), who unsuccessfully attempted to obtain leave to intervene in the original action. First Bank has filed a Motion to Remand to State Court. Rec. Doc. 6. Having considered the record, the memoranda of counsel and the law, the Court has determined that the plaintiff's motion should be granted for the following reasons.

## I. Background

The plaintiff's proceeding in Louisiana state court against Duwell began as an executory process petition, filed to enforce a promissory note executed by Duwell. The note was secured by three mortgages on different parcels of real estate, and the case at bar concerns the Virginia Street property. The note was executed by Duwell, who appointed Jones as her agent and attorney in fact. Rec. Doc. 6-2 at 1-2. Since the filing of the state court proceeding, all three properties have been seized and sold by the sheriff. In the present case, Jones sought to

---

[1] Ellen Cornutt, J.D. Candidate at The University of Virginia School of Law assisted in preparing this Order and Reasons.

1

intervene in state court on July 15, 2008 and was denied on August 1, 2008. Rec. Doc. 6-2 at 11. Although Jones's notice of removal claims that he is a defendant intervener, Jones's motion for leave to intervene was denied in state court.[2]

**II. Motion to Remand**

First Bank argues that removal was improper because: (1) Jones was not a defendant in the original action; (2) removal is untimely; (3) all the defendants have not joined in removal; and (4) the federal district court may not review a final judgment of a state trial court. Because this Court finds that the removal was untimely and that all defendants were not properly joined in the removal, it is not necessary to reach the other possible grounds for removal. Rec. Doc. 6-2 at 10-15.

Although Jones attempted to obtain leave to intervene in the state court action prior to the sale of the property by the sheriff, he was unsuccessful. He was never a party to the Virginia Street foreclosure proceeding. Under 28 U.S.C. § 1441(a), only *defendants* may remove an action to federal court. Jones was not allowed to intervene in this case and thus was never named as a defendant in the state court action. In fact, he was never a party to the state court proceeding at all. A person who is not a party to an action is not entitled to removal. *In re Notice of Removal Filed by William Einhorn*, 481 F.Supp.2d 345, 347-48 (D. N.J. 2007). The only further involvement Jones has had in the state court proceeding was to file a petition to annul the sheriff's sale. However, in that matter, Jones is a plaintiff and has named multiple defendants, including First Bank and Trust. Thus, because Jones is not a defendant in that situation, he may not remove it. Rec. Doc. 6-2 at 11.

---

[2] Jones's notice of removal filed in this Court also purports to remove two other executory proceedings pending in state court, No. 10-1007 and No. 10-1008. Rec. Doc. 1 at 1-2.

Alternatively, Jones may not remove the state executory proceeding because he failed to file his notice of removal within the thirty days required by 28 U.S.C. § 1446(b). Under section 1446(b), when a party files responsive pleadings in a state court proceeding, the filing waives service of process and the time for removal begins. *Burr ex. rel. Burr v. Toyota Motor Credit. Co.*, 478 F. Supp.2d 432 (S.D.N.Y. 2006). In the present case, Jones attempted to file pleadings on July 15, 2008, which were denied on August 1, 2008. On June 10, 2009, he filed the petition to annul the sheriff's sale. On March 29, 2010, he filed the removal petition at issue in this motion to remand. Because the plaintiff's removal petition was filed well after the pleadings were filed, the removal of the executory proceeding is untimely. Furthermore, 28 U.S.C. § 1446(b) also states that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action." As the basis for jurisdiction, Jones cites 28 U.S.C. § 1332. Once again, assuming Jones was a defendant in the state proceeding, he would be unable to properly remove this action more than a year after the case commenced.

Furthermore, even if Jones could properly be considered a defendant in this action, he has failed to join all the defendants in the removal request. In cases with multiple defendants, all defendants must agree in writing in order for removal to be proper. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Duwell, the only defendant in the state court action, has not provided a written concurrence to removal within the thirty-day s period required for removal by 28 U.S.C. § 1446(b). Therefore, even assuming Jones was an original defendant, he is not entitled to removal and this matter must be remanded.

Finally, the plaintiff argues that this court may not review the final judgment of a state trial court because under Louisiana law, the jurisdiction of the Court of Appeal has attached. LA. CIV. CODE ANN. art. 2088. However, because this case must be remanded for the foregoing reasons, this Court need not reach this issue.

Accordingly,

IT IS ORDERED that the plaintiff's Motion to Remand to State Court is GRANTED. Rec. Doc. 6. This matter is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 5th day August, 2010.

                                            Helen G. Berrigan
                                            United States District Judge